**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RONNIE PALMER,

      Petitioner - Appellant,

v.

ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO; JOE
WILLIAMS, Warden, Lea County
Correctional Facility,

      Respondents - Appellees.

No. 02-2060
D.C. No. CIV-01-574 MV/LFG
(D. New Mexico)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **EBEL** , and **O'BRIEN** , Circuit Judges.
.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner seeks a certificate of appealability (COA) in order to proceed on appeal from the district court's denial of his petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. For us to grant a COA, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the claims have been adjudicated on the merits in state court, a habeas petition cannot be granted

> unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* § 2254(d). A state court decision is contrary to clearly established federal law under § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the State court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of federal law under § 2254(d)(2) "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

Petitioner was convicted, on a conditional plea of nolo contendere, of one count of possession of marijuana with intent to distribute in violation of

-2-

N.M. Stat. Ann. § 30-31-22(A)(1), reserving the right to appeal the denial of his motion to suppress certain evidence obtained as a result of a border checkpoint detention. In state court, as in the federal proceedings, petitioner contended first, that Border Patrol agents lacked reasonable suspicion to justify prolonging his detention at the checkpoint (after determining he was a United States citizen) and second, that the search of the vehicle he was towing exceeded the scope of consent because the agents let air out of the tires, thereby detecting marijuana odor inside those tires.

As noted, the state courts addressed petitioner's claims on the merits, determining that the agents had reasonable suspicion to justify his detention by moving him to a secondary area for further investigation. The state courts further determined that petitioner's general consent to search both the vehicle he was driving and the one he was towing gave agents the authority to conduct a search broad enough to encompass releasing a small amount of air from the tires.

The district court correctly determined that the state court's holdings did not meet the strict standards under *Williams* for granting federal habeas relief. The facts underlying petitioner's detention clearly complied with the reasonableness test required of an investigative detention under *Terry v. Ohio*, 392 U.S. 1 (1968), *i.e.,* "whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which

justified the interference in the first place." *Id.* at 20. The circumstances in petitioner's case included the fact that he did not know who had rented the U-Haul he was driving, nor did he supply documentation for either vehicle in his possession. He also opened the encounter with the agents by immediately using profanity, which the agents thought was suspicious, and he was carrying a small amount of luggage for a relatively long car trip.

The state courts also agreed with the government that petitioner's general consent to the vehicle search included the right to inspect the tires. This does not constitute an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(2). Moreover, petitioner had a full and fair opportunity to litigate his search and seizure claims in state court, therefore barring him from obtaining habeas relief on this ground under *Stone v. Powell*, 428 U.S. 465 (1976).

Finally, petitioner complains that the district court's adoption of the magistrate judge's finding and recommendation without a written opinion indicates that "the district court failed to conduct a thorough de novo review of the state court record." Aplt. Br. at 8. We disagree. "We assume that the district court performed its review function properly in the absence of evidence to the contrary." *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997).

Accordingly, for these and the reasons stated in the magistrate judge's findings and recommended disposition filed November 13, 2001, we DENY petitioner's request for a COA and DISMISS the appeal.

The mandate shall issue forthwith.

Entered for the Court

David M. Ebel
Circuit Judge